11KNOLL, Justice,*
concurring in part and dissenting in part.
I agree with the majority opinion that there is insufficient evidence to support a constructive contempt charge against Burns for allegedly tampering with or planting evidence. I further find, however, that Judge Hunter should have recused himself initially; therefore, I respectfully dissent from the majority opinion finding constructive contempt for Burns’s discovery violation. In my view, the record evidence supports that the trial against Burns for constructive contempt was skewed by the failure of the trial judge to recuse himself.
The general rule is that recusal is required when a trial judge “[i]s biased, prejudiced, or personally interested in the cause to such an extent that he would be unable to conduct a fair and impartial trial.” Ba.Code CRIM. PROC. Ann. art. 671(A)(1). More particularly, in Kidd v. Caldwell, 371 So.2d 247 (La.1979) and In re Merritt, 391 So.2d 440 (La.1980), this Court addressed the question of who should conduct a constructive contempt hearing. In those cases, this Court determined that the decision should take into account “not only the possibility of actual bias on the part of the trial judge, but also the possibility of the appearance of bias.” Kidd, 371 So.2d at 256; In re Merritt, 391 So.2d at 444 (emphasis added). Therefore, this Court held that “it would be better for the appearance of justice for another judge to try the ... charge of contempt.” Id.
In light of the matter before us, I find this Court’s reasoning in Kidd and In re Merritt particularly relevant. As articulated in the appellate court-decision, Judge 1 ¡/Hunter previously dismissed George Lee’s contempt motion against the defendant. However, Judge Hunter, sua sponte, found Burns guilty of constructive attempt and sentenced him to six months in the parish prison. State v. Lee, 2000-2516, at 3 (La.App. 4 Cir. 4/6/01), 787 So.2d 1020, 1025. After the Court of Appeal, Fourth Circuit, vacated the contempt order because of the trial court’s failure to follow the mandatory procedure set out in La.Code Crim. PROC. Ann. art. 24, State v. Lee, 2000-2357, slip op. (La.App. 4 Cir. 10/31/00), the same trial judge again heard the contempt matter it initiated on its own against Burns.
I find the proceedings conducted on remand to the trial court demonstrate that Judge Hunter exhibited an appearance of bias against Burns, and may even have shown outward hostility toward him. The *846 record shows that Judge Hunter received and summarily denied Burns’s motion for his (Judge Hunter’s) recusal. With the denial of that motion, the case immediately proceeded to trial. After hearing the matter and recessing for deliberation for approximately two hours, Judge Hunter resumed the bench at 4:45 p.m., issued his contempt ruling, and sentenced Burns. Judge Hunter then denied Burns’s request for a stay of the imposition of sentence or bail pending appellate review. Even though Burns was an assistant district attorney and presented no risk of flight, Judge Hunter set a bond of $50,000, cash or surety. In my view, the tone of the trial court proceedings is permeated with an aura that this trial judge wanted Burns to immediately serve time in jail. As a result, I find that these factors create, in the least, an appearance of bias on the part of this trial judge. Accordingly, I would find merit in Burns’s motion for recusal, and remand to the trial court for a hearing of this matter before a different trial judge.
Moreover, I find that the basis of the contempt against Burns, tampering with evidence, implicates a serious criminal felony, obstruction of justice as provided in La.Rev.Stat. AnN. § 14:130.1. As such, I have grave concerns that such a serious |saccusation should be tried as a matter of constructive contempt, instead of having it referred to the proper authority for possible criminal prosecution.

 Retired Judge Robert L. Lobrano, assigned as Associate Justice Pro Tempore, participating in the decision.